### In the Matter of Joseph Kenneth SELTZER, Bankrupt.

### Muriel SELTZER, Plaintiff-Appellant,

v.

### Joseph Kenneth SELTZER, Defendant-Appellee.

### No. 83 Civ. 2244(MEL).

United States District Court, S.D. New York.

Dec. 19, 1984.

Leonard S. Picariello, New York City, for plaintiff-appellant.

Arutt, Nachamie, Benjamin, Lipkin & Kirschner, P.C., New York City, for defendant-appellee; Alex Spizz, New York City, of counsel.

LASKER, District Judge.

This case is an appeal from the January 14, 1983 order of Bankruptcy Judge Lewittes discharging defendant-appellee Dr. Joseph K. Seltzer ("Dr. Seltzer") from bankruptcy. We have reviewed the record below and the arguments of the parties, conclude that Judge Lewittes' findings were not clearly erroneous and affirm.

In March of 1977 Dr. Seltzer, at that time a dentist residing and practicing in Long Island, filed a voluntary bankruptcy petition governed by the former Bankruptcy Act of 1898, which was repealed in 1978. Plaintiff-appellee Muriel Seltzer ("Mrs. Seltzer"), Dr. Seltzer's former wife and allegedly his largest creditor, objected to her former husband's discharge from bankruptcy on the grounds that he had fraudulently concealed assets and financial records and made false oaths in his bankruptcy petition.

Judge Lewittes conducted a three day trial on these issues in July of 1980 and in an opinion dated January 14, 1983 found that plaintiff had failed to sustain her burden of proving that Dr. Seltzer had acted with fraudulent intent; that Dr. Seltzer had rebutted the inference of fraud in the concealment of assets raised by Mrs. Seltzer; that she had failed to prove that Dr. Seltzer falsified or destroyed his financial records, or that he had failed to preserve them; and that Dr. Seltzer's practice of discounting his patients' accounts receivable was not an act that barred his discharge. These conclusions were clearly the

product of Judge Lewittes' findings of fact and were made after he had had an opportunity to observe the demeanor and hear the testimony of the parties and their witnesses.

Plaintiff contends here that Judge Lewittes' findings were clearly erroneous, and hence reversible, because he failed to attach sufficient weight to the fact that for the period February 26 to March 8, 1977 Dr. Seltzer did not produce his "day sheets" charting his outstanding accounts receivable. Judge Lewittes concluded that the missing day sheets did not support plaintiff's contention that Dr. Seltzer had unlawfully falsified and destroyed records and failed to keep or preserve books or records. *See In Re Seltzer*, No. 77 B 508, slip op. at 8–9 (S.D.N.Y. Jan. 17, 1983); 11 U.S.C. § 32(c)(2) (1976) (codified as amended at 11 U.S.C. § 727(a)(3) (1982)). He found that Dr. Seltzer's patient ledger cards, which were produced, contained essentially the same information as found on the day sheets, that there was no evidence presented at trial that Dr. Seltzer had intentionally destroyed any day sheets, and that he did not find credible plaintiff's witness who testified that Dr. Seltzer ordered his employees to rewrite the day sheets in contemplation of bankruptcy.

Under the Bankruptcy Rule which establishes the standard of review for this case, a district court is required (1) to accept a bankruptcy judge's findings of fact unless they are clearly erroneous and (2) to give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses. *See* R.Bankr. P. 810, 11 U.S.C. (1976) (codified as amended R.Bankr. P. 8013, 11 U.S.C. (1982)); *see also In Re Fabric Tree, Inc.*, 558 F.2d 1069, 1072 (2d Cir.1977) (bankruptcy judge's findings based upon observations of witnesses are entitled to great weight).

Of particular importance to Mrs. Seltzer's allegations of fraud was the testimony of Riva Aronson, a former member of Dr. Seltzer's staff at the time he filed for bankruptcy, who testified that Dr. Seltzer altered his day sheets in contemplation of bankruptcy. Judge Lewittes did not credit this testimony because it was brought out at trial that she was a biased witness. For example, evidence was presented that Mrs. Seltzer, an insurance broker, had provided free insurance assistance to Ms. Aronson's mother-in-law after Ms. Aronson no longer had any relationship with Dr. Seltzer. *See* Trial Transcript, July 7, 1980, at 282–87. It was therefore not clearly erroneous for Judge Lewittes to find as a matter of fact, after listening to the witness and observing her demeanor, that he did not believe Ms. Aronson. Moreover, given the presence of corroborating ledger cards and the fact that much of plaintiff's case turns upon the allegations of Ms. Aronson, it was not clearly erroneous for the bankruptcy court to find that plaintiff had not met her burden of showing unlawful conduct on Dr. Seltzer's part so as to bar his discharge.

The decision and order of the bankruptcy court is accordingly affirmed and the appeal is dismissed.

It is so ordered.